# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Maranda S., | Civ. No. 22-3070 (JWB/DLM) |
| Plaintiff, | |
| v. | **ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Clifford Michael Farrell, Esq., Manring & Farrell, and Edward C. Olson, Esq., Reitan Law Office, counsel for Plaintiff.

Ana H. Voss, Esq., United States Attorney's Office, and James D. Sides, Esq., and Linda H. Green, Esq., Social Security Administration, counsel for Defendant.

After the Social Security Administration denied Plaintiff's application for social security disability insurance and supplemental security income benefits, she brought this action challenging the decision. Now before the Court are the parties' cross-motions for summary judgment. (Doc. Nos. 10, 13.)

## BACKGROUND

Plaintiff Maranda S.[1] filed applications for Disability Insurance and Supplemental Security Income benefits in October and November of 2020. (Doc. No. 8, Admin. Rec. 411–27; 429–40.) Plaintiff alleged that she became disabled after a car accident on

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

August 3, 2019. She claimed as disabling conditions a traumatic brain injury, post-concussion syndrome, anxiety, post-traumatic stress disorder ("PTSD"), headaches, left knee issues, memory loss, hyperopia (far-sightedness), and depression. (*Id.* at 460.)

An individual is considered disabled for purposes of social security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled if the claimant satisfies the first two steps and the claimant's impairment meets

or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After the Social Security Administration denied Plaintiff's application for benefits initially and on reconsideration (Admin. Rec. 180, 183, 203, 231), she requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff testified at the hearing and was represented by a non-attorney representative. (*Id.* at 114–35.) After the hearing, the ALJ determined that Plaintiff had multiple severe impairments: post-concussive syndrome with headaches, left knee lateral patellar tracking abnormality, anxiety, depression, and PTSD. (*Id.* at 38.) The ALJ found, however, that none of these impairments, either alone or in combination, met or medically equaled any listed impairments. (*Id.* at 38–41.) After thoroughly reviewing Plaintiff's medical and mental-health treatment history, the ALJ found that Plaintiff had the RFC to perform light work with physical and environmental restrictions such as only occasional stooping, kneeling

3

and crawling, no exposure to unprotected heights, and no work in loud or very loud environments. (*Id.* at 41.) The ALJ also restricted Plaintiff to carrying out only simple instructions, having only occasional interaction with supervisors, coworkers, and the public, tolerating only occasional changes in her work location, and no strict production rates. (*Id.*) The ALJ found that Plaintiff did not have the capacity to perform her past employment, but that there were jobs in the national economy that she could perform. (*Id.* at 49–50.) The ALJ thus concluded that Plaintiff was not disabled. (*Id.* at 50.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision (*id.* at 1–7), and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## DISCUSSION

Review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

I.      **Evaluation of Dr. Golombecki's Opinions**

Plaintiff first argues that the ALJ erred in her evaluation of the opinions of Plaintiff's treating mental-health provider, Dr. Karen Golombecki. According to Plaintiff, the ALJ did not properly examine the supportability and consistency of Dr. Golombecki's opinions, as the regulations require.

An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). Indeed, the regulations provide that the ALJ "will explain how [she] considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ need not, however, "explicitly . . . reconcile every conflicting shred of medical evidence." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (quotations omitted).

Dr. Golombecki opined that Plaintiff would require unscheduled breaks during the workday, would be absent from work more than three days a month, would be unable to travel to unfamiliar places, and ultimately would be unable to maintain full-time work. (Admin. Rec. 990–94; 1134–35.) The ALJ addressed all of these opinions and specifically determined that the opinions were not persuasive or supportable in light of other evidence, nor were the opinions consistent with the other evidence in the record,

5

including the provider's own treatment notes and Plaintiff's reported activities. (*Id.* at 47–48.) The ALJ properly evaluated the supportability and consistency of Dr. Golombecki's opinions.

Plaintiff argues that other evidence in the record supported Dr. Golombecki's opinions and the ALJ erred in failing to address this evidence. But the ALJ cannot catalog every piece of medical evidence in the record, especially a record as voluminous as that here. And reversal is not appropriate "simply because some evidence supports a conclusion other than that reached by the ALJ." *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013). The ALJ thoroughly addressed the relevant evidence in her decision and properly evaluated Dr. Golombecki's opinions. The ALJ's ultimate determination that those opinions were not fully supported or consistent is supported by substantial evidence in the record as a whole.

**II.     New Evidence**

Plaintiff's second argument relates to new evidence, but she does not specify what this new evidence is or the basis of her argument regarding any such evidence. The Appeals Council order indicates that it considered newly submitted medical records from Dr. Ana Groeshel at the Noran Neurological Clinic dated November 2021 to March 2022. (Admin. Rec. 2; *see also id.* at 59–101 (medical records).) The ALJ's decision denying Plaintiff's applications for benefits issued December 20, 2021. The Appeals Council determined that this evidence either would not have changed the outcome or did not relate to the period at issue. (*Id.* at 2.)

Assuming the new evidence on which Plaintiff relies is the same new evidence

6

mentioned in the Appeals Council decision, Plaintiff has not established that the Appeals Council's determination regarding this evidence was erroneous. Indeed, Plaintiff's argument discusses whether the evidence met the regulations' requirements for new evidence and whether the Appeals Council should have evaluated the new evidence in the first instance. But the Appeals Council addressed the new evidence. Judicial review does "not evaluate the Appeals Council's decision to deny review [of the evidence], but rather [it] determine[s] whether the record as a whole, including the new evidence, supports the ALJ's determination." *McDade*, 720 F.3d at 1000 (quotation omitted). In other words, the question at issue is not whether the evidence was "new" or "material" under the regulations. *See* 20 C.F.R. § 416.1470(a)(5) (requiring Appeals Council to consider "additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision, and there is a reasonable probability that the additional evidence would change the outcome of the [ALJ's] decision"). The relevant inquiry is rather whether the newly submitted evidence would have changed the outcome of the ALJ's decision in light of the record as a whole.

Dr. Groeschel's treatment notes do not demonstrate any new or worsening condition that the ALJ should have considered, nor do those notes contradict the ALJ's evaluation of Plaintiff's impairments. In examination notes from December 2021, shortly before the ALJ's decision, Dr. Groeschel reported that Plaintiff had normal speech, memory, attention, and concentration. (Admin. Rec. 66.) The same was true after an examination in February 2022. (*Id.* at 89–90.) Dr. Groeschel's narrative report, dated January 23, 2022, similarly does not indicate that the ALJ's RFC determination was

7

erroneous. (*Id.* at 69–70.) For example, Dr. Groeschel opined that Plaintiff should "avoid repetitive bending and twisting of the neck and back, [and should] avoid repetitive work with arms outstretched or above the shoulders." (*Id.* at 69.) The ALJ found that Plaintiff could only occasionally stoop or crouch, thus encompassing Dr. Groeschel's prohibition on repetitive bending. (*Id.* at 41.) The ALJ also determined that Plaintiff retained the RFC to perform jobs that do not require repetitive work with her arms outstretched or above the shoulder. (*Id.* at 50.)

The new evidence in the record would not have changed the ALJ's determination that Plaintiff was not disabled. Plaintiff's request for a remand for consideration of this evidence is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Maranda S.'s Motion for Summary Judgment (Doc. No. 10) is **DENIED**.

2. Defendant Kilolo Kijakazi's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**.

3. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 6, 2023

        *s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge